# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH H. SCHROEDER, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-1216-DDC-GEB |
| | ) |
| **WICHITA POLICE DEPARTMENT, et al.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

Upon the transfer of this matter from the U.S. District Court for the Southern District of Florida to this Court, the matter is now before the Court on Plaintiff Joseph H. Schroeder, II's Motion to Proceed *In Forma Pauperis* (ECF No. 3, *sealed*) and supporting declaration. For the reasons outlined below, Plaintiff's Motion **(ECF No. 3)** is **GRANTED**.

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] Although Plaintiff's motion was completed on a different form than that which is usually required in this District—a form[5] apparently utilized in the Southern District of Florida where this case was initially filed—the Court finds sufficient information contained within that form. It appears Plaintiff is currently unemployed. After careful review of Plaintiff's description of his financial resources (ECF No. 3-1, *sealed*), and comparison of Plaintiff's listed monthly income to listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* **(ECF No. 3)** is **GRANTED.** Although service of process would normally be undertaken by the clerk of court under 28 U.S.C. 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to **stay service of process** pending the District Court's consideration of Plaintiff's pending Motion to Transfer this case back to the Southern District of Florida (ECF No. 8).

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

[5] The form completed by Plaintiff is the "AO240 (Rev.07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)."

- 3 -

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of September 2020.

              s/ Gwynne E. Birzer
              GWYNNE E. BIRZER
              United States Magistrate Judge