**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOSEPH H. SCHROEDER II,**

    **Plaintiff,**

v.

**WICHITA POLICE DEPARTMENT, et. al.,**

    **Defendants.**

Case No. 20-1216-DDC-GEB

**MEMORANDUM AND ORDER**

This case is before the court on plaintiff's motion seeking to return this litigation to the Southern District of Florida (Doc. 8). For the reasons discussed below, the court denies plaintiff's motion.

**I.**    **Background**

Plaintiff Joseph H. Schroeder II, proceeding pro se,[1] filed this lawsuit in the Southern District of Florida bringing claims against the Sedgwick County District Attorney, the State of Kansas 18th Judicial District, and the Wichita Police Department. *See* Doc. 1 at 1. S*ua sponte*, the United States District Court for the Southern District of Florida concluded that it was not a proper venue under 28 U.S.C. § 1391(b), and transferred the case to the District of Kansas under 28 U.S.C. § 1406(a). Doc. 5 at 1–2. Plaintiff now moves our court to return this case to the

---

[1] While plaintiff is experienced at litigating his own claims—this lawsuit is his eighth in the District of Kansas since 2015—plaintiff proceeds pro se, so the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

Southern District of Florida.  Doc. 8.  The court construes plaintiff's pro se motion as a Motion to Transfer Case and Change Venue under 28 U.S.C. § 1404(a).

## II.     Legal Standard

Title 28 U.S.C. § 1404 governs change of venue.  The statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).  "An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing 15 Charles Alan Wright, *et. al.*, *Federal Practice and Procedure* § 3844 at 334–35 (1986)).

The district court has broad discretion under § 1404(a) to adjudicate motions to transfer based on a case-by-case review of convenience and fairness.  *Id.* at 1516.  The Tenth Circuit has listed the factors that a district court should consider when deciding whether to transfer an action under § 1404(a):

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)); *see also Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).  The party moving to transfer a case bears the burden to show that transfer is appropriate under § 1404(a).  *Bartile Roofs, Inc.*, 618 F.3d at 1167.

### III.     Discussion

The statute governing a motion to transfer requires that (1) the transferee court is one where plaintiff could have filed suit originally, and (2) the convenience of the parties and witnesses and the interest of justice favor transfer.  *See* 28 U.S.C. § 1404(a).  The court is unable to conclude that either prong is met here.

*First*, plaintiff's motion alleges nothing about whether the Southern District of Florida qualifies as a transferee court.  *See* Doc. 8.  A transferee district qualifies under 28 U.S.C. § 1404(a) as one "where [the action] might have been brought" if, when the suit was commenced, "plaintiff ha[d] a right to sue in that district, independently of the wishes of defendant[.]" *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation marks and citation omitted).  "The 'where it might have been brought' language . . . incorporates the requirements of jurisdiction and proper venue." *Mid Kan. Fed. Sav. & Loan Ass'n of Wichita By & Through Resolution Tr. Corp. v. Orpheum Theater Co.*, 810 F. Supp. 1184, 1188–89 (D. Kan. 1992) (citing *Hoffman*, 363 U.S. at 342–44).  So, "§ 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there." *Chrysler Credit Corp.*, 928 F.2d at 1515; *see also Neighbors v. Lawrence Police Dep't*, No. 15-4921-DDC-KGS, 2017 WL 396239, at *5 (D. Kan. Jan. 30, 2017) (denying pro se plaintiff's Motion to Transfer where improper venue under 28 U.S.C. § 1391 rendered plaintiff's proposed transferee district "not a district 'where [the case] might have been brought' in the first place, as 28 U.S.C. § 1404(a) requires." (quoting 28 U.S.C. § 1404(a))).

Here, plaintiff's motion does not assert personal jurisdiction, proper venue, or any other reason why the Southern District of Florida is an appropriate transferee district under § 1404(a).

3

Plaintiff's motion offers no response to the Southern District of Florida's earlier conclusion that its court was "a grossly improper venue for this case." Doc. 5 at 1. That court reasoned:

> [p]ursuant to 28 U.S.C. § 1391(b), the appropriate location for a civil action to be filed in federal court is generally, in "a judicial district in which any defendant resides" or, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, Defendants are located in Kansas and the events occurred in Kansas. Venue is not based on the location of the Plaintiff, and venue is not appropriate in the Southern District of Florida.

Doc. 5 at 1–2.

The court is inclined to give great weight to the transferor court's conclusion. "[T]raditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order." *Chrysler Credit Corp.*, 928 F.2d at 1516. The Tenth Circuit "'ha[s] routinely recognized that the law of the case doctrine is discretionary, not mandatory, and that the rule merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power.'" *Bishop v. Smith*, 760 F.3d 1070, 1082 (10th Cir. 2014) (first quoting *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001) (further citation and internal quotation marks omitted), then citing *Haynes Trane Serv. Agency v. Am. Standard, Inc.*, 573 F.3d 947, 963 (10th Cir. 2009)). "Even so, it takes 'exceptionally narrow circumstances' for the court not to follow the law of the case when the doctrine applies." *Id.* (quoting *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998)).

Given these "law of the case" principles and the transferor court's explicit conclusion that the Southern District of Florida is a "grossly improper" venue for this case, Doc. 5 at 1, plaintiff here faces a daunting, if not impossible, task under 28 U.S.C. § 1404(a). He must show that he properly could have brought this suit in a court who already has determined that he could not. Plaintiff has made no such showing.

4

*Second*, even if the Southern District of Florida was a qualifying transferee district under § 1404(a), plaintiff's motion does not show that the pertinent circumstances favor transfer of his action. Plaintiff asks the court to return this case to the Southern District of Florida because his past dealings with one defendant make the District of Kansas an undesirable venue for him. Doc. 8 at 1 (¶¶ 2–4). Specifically, plaintiff asserts that the Wichita Police Department "has repeatedly show[n] their SS mentality, and Gestapo like disregard for any and all legal processes." *Id.* (¶ 2). Plaintiff wonders "[w]hat lengths will they go to, if [he] ha[s] to be in Wichita for hearings?" *Id.* (¶ 3). His August 2020 motion asserts that he "returned to Miami in September 2020 as a security precaution." *Id.* (¶ 5).

The court could construe plaintiff's argument as one implying that plaintiff can secure due process in the Southern District of Florida, but not in the District of Kansas. *See* Doc. 8 at 1 (¶ 4). Plaintiff asserts that defendant Wichita Police Department has interfered with his earlier interactions with courts. *See id.* (¶¶ 2–3). But, plaintiff provides no support for these bare allegations. *See Neighbors*, 2017 WL 396239, at *5 (denying pro se plaintiff's Motion to Transfer under 28 U.S.C. § 1404(a) where, "although plaintiff claims that he cannot secure a fair trial in this district, his allegation is a conclusory one and nothing supports it.").

Plaintiff originally filed this case in the Southern District of Florida and still wishes to litigate there, but plaintiff's choice of forum is just one factor the court considers. *See Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted). Moreover, "[c]ourts . . . accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Bartile Roofs, Inc.*, 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). As the Southern District of Florida observed, plaintiff's Complaint alleges that "Defendants are

located in Kansas and the events occurred in Kansas." Doc. 5 at 2; *see also* Doc. 1 at 2–5. Plaintiff's motion offers nothing even suggesting that the facts giving rise to this lawsuit have a material relation or significant connection to the Southern District of Florida. The court thus acknowledges plaintiff's original selection of and continued preference for that forum, but accords this one factor little weight.

To the extent the court could construe plaintiff's pro se motion to argue that transfer from the District of Kansas is justified based on inconvenience to him now that he has "returned to Miami[,]" the court rejects the argument. *See* Doc. 8 at 1. "'Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue.'" *Bartile Roofs, Inc.*, 618 F.3d at 1167 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)). Granting plaintiff's Motion to Transfer would not serve the convenience of the witnesses or parties. Nor would transferring this lawsuit to the Southern District of Florida "make a trial easy, expeditious and economical." *Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted).

### IV.     Conclusion

After considering plaintiff's motion and the factors for determining whether to transfer an action under 28 U.S.C. § 1404(a), the court, in its discretion, concludes that plaintiff has not met his burden to show that the Southern District of Florida is a district where this case could have been brought and that the relevant factors favor transfer. The court thus denies his motion.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion to Transfer and Change Venue (Doc. 8) is denied.

**IT IS SO ORDERED.**

7

Dated this 17th day of September, 2020, at Kansas City, Kansas.

>	s/ Daniel D. Crabtree
>	Daniel D. Crabtree
>	United States District Judge